UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2019 OCT 21 PM 2:18
U.S. DISTRICT COURT
DISTRICT OF MASS.

JAMES MURRAY
A.K.A.
JAMES HINES
PETITIONER

CASE NO. _____

V.

COMMONWEALTH OF MASSACHUSETTS, ET AL

PETITION FOR WRIT OF HABEAS CORPUS

## JURISDICTION

This petition for writ of habeas corpus requesting equity remedy is being filed in accordance with Article 1, Section 9, of the United States Constitution; and Article 3, Section 2, of the United State Constitution. The judicial power of this court shall extend to all case in law and equity, arising here, under Article 1, Section 9, of the United States Constitution.

Footnote:
Respondents, et al includes all Massachusetts state officials. I.E. state wardens
End of footnote.

## Remedy Claim

Petitioner is entitled to the equity remedy recognized in Thompson v. Missouri Bd. of Parole, 929 F.3d 396, 397 n.6 (8th Cir. 1991); citing United States v. Vincent, 524 F.2d 153, 160-161 (2nd Cir. 1975). Here, equity regards as done what ought to have been; and is to be done. Equity Jurisprudence, Section 363 (5th ed. 1941) and cases there cited. The equity remedy recognized in Thompson, is a matter of equity cognizable under general principles of equity jurisprudence. See e.g. Green v. U.S. 334 F.2d at 737-738 (1st Cir. 1964) (J. Aldrich dissent). I.e. systematic jurisdprudence.

## Exhaustion of State Court Remedy

Petitioner has exhausted state court remedy.

(2)

See MURRAY V. MASSACHUSETTS PAROLE BOARD, 481 Mass. 1019, 113 N.E.3d 327 (Mass. December 27, 2018); hear also, Petitioner's personal December 4, 2018 oral argument with the Honorable Massachusetts Supreme Court Justices. As presented with the Justices fundamental principles of liberty and justice, test of fairness reserved by the 14th Amendment to the United States Constitution entitled Petitioner to the equity remedy recognized in Thompson, supra. Beauchamp v. Murphy, 37 F.3d 700, 707 N.3 (1st Cir. 1994); citing cases of state "test of fairness." As Petitioner is in federal custody no state statute applied to the equity remedy recognized in Thompson, supra. Consequently, the Justices rejected Petitioner's plead. The test of fairness applies.

(3)

## FACTS

PETITIONER IS A PERSON WHO WILL NOT BACK DOWN WHEN HE THINKS HE IS RIGHT. SEE I.E. ACCOMPANYING PSYCHIATRIC CONSULTATION REPORT DATED JUNE 25, 1999. PETITIONER IN HIS STATE COURT PETITION AND IN HIS DECEMBER 4, 2018 ORAL ARGUMENT WITH THE HONORABLE MASSACHUSETTS SUPREME COURT JUSTICES STATED HIS REASONS WHY REFUSES TO SIGN HIS FEDERAL PAROLING GRANT TO THE MASSACHUSETTS DETAINER. I.E. RELEASED SUITABILITY. 28 C.F.R. 273 (A)(2)(3). Jimenez v. Conrad, 678 F.3d 44, 46 (1st Cir. (2012). 28 C.F.R. 273 (A)(2)(3) AND MASS. GEN. LAW ch. 127, Sec. 130 is EQUATED. Jimenez, SUPRA, AT 46. CONSTITUTING PETITIONER'S MORAL SENSE OF RIGHT. BASED ON THE NOTIONS OF FAIRNESS AND JUSTICE. I.E. THERE IS A REASONABLE PROBABILITY THAT PETITIONER'S IMMEDIATE RELEASE FROM

(4)

imprisonment, he will live and remain at liberty; without violating the criminal laws of United States; that his release is not incompatible with the welfare of society. This premiss is irrefutable. See accompanying affidavit dated October 30, 2006.

Petitioner is serving an indeterminate sentences without a parole hearing eligibility date; because he has not signed the I-24 parole waiver form. See accompanying e-mail between petitioner's case worker Mr. Jerry Boley, and Shelton Rhonda, U.S. Parole Commission. Constructively, petitioner has been serving his Massachusetts sentences while in federal custody since 2003. Murray v. Stimpson, 633 A.2d 48, at 50 (D.C. App. 1993). D.C. Code 24-204(A) is analogous to Mass. Gen. Law ch. 127, sec. 130. The nature of petitioner's criminal acts are equated.

(5)

I.E. armed robberies and escapes. See MURRAY V. D.C. 826 Fed. Supp. 4, 6+8+ N.5 (D.D.C. 1993). There is urgency to consider and decide the merits of this newly first habeas corpus petition. SIMPSON, SUPRA, AT 50.

## SYSTEMIC SENTENCE STRUCTURE

See MURRAY, SUPRA, 6+8. In January 1982 Petitioner was sentenced in a Massachusetts State court to 4-7 years sentence for escape jail custody. That sentence was to take effect consecutive to petitioner's "minimal" 15 year indeterminate D.C. sentence. A 3-5 year probation violation was revoked and ordered concurrent with the 4-7 years sentence, with 13 months previous jail time credited. In February 1982 petitioner was sentenced

(6)

in a Massachusetts state court to 11-14 years for armed robbery to take effect consecutive to petitioner's "minimal" 15 year indeterminate D.C. sentence. For obvious reason the Massachusetts sentence were imposed on petitioner conditionally. I.E. his consent to a 28 C.F.R. 2.32 (A)(1) transfer to Massachusetts custody. A consent petitioner is unable to give for moral and legal reasons. Jimenez, supra, at 46. In such situation, Massachusetts remedy for any meaningful effect of sentences imposed is a nunc pro tunc, concurrent sentence.

## STATUTORY ANALYSIS

D.C. Code 24-704(A); 28 C.F.R. 2.73(A)(2)(3); and Mass. Gen. Law. ch. 127, sec. 130 are syntactic. Jimenez, supra, at 46; Connecticut Bd. of Pardons v. Dumschat, 101 S.Ct 2460, at 2464 (1981).

(7)

## CONCLUSION

Based on the preceding requests the equity remedy recognized in Thompson v. Missouri Bd. of Parole, 929 F.3d 396, 397 N.6 (8th Cir. 1991); citing U.S. ex rel. Schuster v. Vincent, 524 F.2d 153, 160-161 (2nd Cir. 1975); Ouimette v. Moran, 942 F.2d 1, 13 (1st Cir. 1991). "As law and justice requires." 10th Amendment to the U.S. Constitution. The requested equity remedy is reserved to petitioner. Schuster, supra, at 158-159 N. 11 + 14.

Respectfully submitted

10-13-19
DATE

Arroo Murray A.K.A. Janeo Hinoo
09548-007
U.S.P. A.D.X. Max.
P.O. Box. 8500
Florence, CO. 81226

(8)