UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JAMES MURRAY,                                       )
also known as JAMES HINES,                          )
                                                    )
          Petitioner,                               )        Civil Action No.
                                                    )        19-12179-FDS
          v.                                        )
                                                    )
STATE WARDEN                                        )
and COMMONWEALTH OF                                 )
MASSACHUSETTS,                                      )
                                                    )
          Respondents.                              )
_____)

MEMORANDUM AND ORDER ON
PETITION FOR WRIT OF HABEAS CORPUS

SAYLOR, C.J.

       This is a petition for a writ of habeas corpus by a prisoner in federal custody.   Petitioner

James Murray, also known as James Hines, is an inmate at a federal penitentiary in Colorado.

He is serving a sentence of fifteen years to life stemming from a conviction for crimes committed

in the District of Columbia.  Because he was convicted and sentenced in 1980, he is subject to

the sentencing framework as it existed at the time, which includes the possibility of parole.

       Upon his release or parole from federal custody, he is subject to a detainer to serve

sentences for two 1982 Massachusetts convictions:  one for armed robbery (11 to 14 years) and

one for escape (4 to 7 years).  Although he has been eligible to seek parole on his District of

Columbia sentence since at least 2003, he has declined to be released because he does not wish

to return to Massachusetts to serve his state-court sentences.

       On October 21, 2019, Murray filed this petition pursuant to 28 U.S.C. § 2254.  The

petition alleges that the Commonwealth has wrongfully denied him parole or any credit toward his state sentences based on an arbitrary criterion in violation of equal protection, a claim he analogizes to those in *Beauchamp v. Murphy*, 37 F.3d 700 (1st Cir. 1994) and *Thompson v. Missouri Board of Parole*, 929 F.2d 396 (8th Cir. 1991).  The Commonwealth has filed a motion to dismiss for lack of subject-matter jurisdiction on the ground that this is a "second or successive" petition under 28 U.S.C. § 2244(b) and Murray has not obtained the requisite authorization from the Court of Appeals.  For the reasons set forth below, the motion to dismiss will be granted.

I.      **Background**

The following facts are taken primarily from the opinions of the Massachusetts Supreme Judicial Court in *Murray v. Massachusetts Parole Board,* 451 Mass. 1002 (2008) ("*Murray I*"); *Murray v. Massachusetts Parole Board*, 481 Mass. 1019 (2018) ("*Murray II*"); and the opinion of this court in *Hines v. Shannon*, No. 89-CV-740-MA (D. Mass. July 5, 1989).[1]

On December 12, 1977, James Murray was indicted on various charges in Massachusetts state court, including armed robbery.  *Hines* at 2.  While awaiting trial, he escaped from the Suffolk County Jail.  *Id*.  He was arrested in the District of Columbia in 1978 and charged with new armed robbery offenses.  *Id*.  On May 23, 1980, he was convicted in the District of Columbia and sentenced to fifteen years to life in prison.  *Id*.  While awaiting trial in the District of Columbia, he requested a speedy trial on all charges then pending against him in Massachusetts.  *Id*.  Those requests were unsuccessful.  He then filed a motion to dismiss the indictment on the ground that he was denied his right to a speedy trial.  *Id*.  That motion was denied.  *Id*.

---

[1] This opinion is unpublished but available as Respondent's Exhibit 2.

After his conviction and sentencing in the District of Columbia, he was transferred to Massachusetts on October 28, 1981, for trial on the state-law charges. *Id*. at 1. On January 2, 1982, he was convicted in Massachusetts of escape and sentenced to a term of imprisonment of four to seven years. *Id*. On February 2, 1982, he was convicted of armed robbery and received a sentence of imprisonment of eleven to fourteen years. *Id*. Those sentences were to be served consecutive to his District of Columbia sentence. *Murray II,* 481 Mass. at 1019.

Murray then appealed from his Massachusetts convictions, citing a violation of his constitutional right to a speedy trial under the federal and state constitutions as one of the grounds. *Hines* at 2. On October 25, 1983, the Massachusetts Appeals Court affirmed his convictions. *Id*. His application for leave to obtain further appellate review was denied. *Id*.

In 1989, he filed a habeas corpus petition in this court alleging the denial of his right to a speedy trial. *Id*. at 1-4. That petition was denied on the merits. The First Circuit then affirmed that denial. *Hines v. Shannon*, 893 F.2d 1326 (1st Cir. 1989).

In 1992, he "sought unsuccessfully to obtain an order directing the District of Columbia Parole Board to aggregate his District of Columbia sentences with his Massachusetts sentences." *Murray I*, 451 Mass. at 1003.

In 1993, he filed a habeas petition with the United States District Court for the District of Columbia contending that his Massachusetts trial was prejudiced by the delays that occurred due to being in federal custody, violating both the Interstate Agreement on Detainers and the Sixth Amendment right to a speedy trial. *Murray v. District of Columbia*, 826 F. Supp. 4, 8 (D.D.C. 1993). The district court granted summary judgment to the respondent and dismissed the petition on its merits. *Id*. at 9-10.

In 2003, Murray became eligible for parole from federal prison.  *Murray I*, 451 Mass. at 1003.  However, he declined to be released because he did not want to return to Massachusetts to serve his state sentences.  *Murray II,* 481 Mass. at 1019.  His refusal to sign his parole certificates granting the Massachusetts detainer was backed in part by his belief that "the imposition of a consecutive sentence in these circumstances was an abuse of discretion and constituted cruel and unusual punishment in violation of the Federal and State Constitutions." *Hines v. Commonwealth*, 423 Mass. 1004, 1004 (1996). He has refused to sign parole papers multiple times, deeming himself to be a "person who will not back down when he believes he is right."  (Pet. at 4).

In 2010 and 2011, Murray filed two habeas corpus petitions in the United States District Court for the Middle District of Pennsylvania.  *Murray v. Bledsoe*, 2012 WL 3987353, at *2 (D. Mass. Sept. 11, 2012).  Both petitions were transferred to this court pursuant to 28 U.S.C. § 1404(a), where they were considered together and denied on the basis that they were "second or successive" petitions pursuant to 28 U.S.C. § 2244(b)(3).  *Id.*

Although Murray has not yet begun to serve his Massachusetts sentences, in 2006 he filed a petition for equitable relief in Superior Court, essentially seeking an order requiring that he be considered for parole in Massachusetts, citing Mass. Gen. Laws ch. 127, § 134(c) and general principles of equity.  *Murray II,* 481 Mass. at 1019-20.  That petition was denied.  He then appealed that denial.  *Id.*  The Supreme Judicial Court stated on appeal that "[t]o the extent that the petitioner seeks credit toward satisfaction of his Massachusetts sentences for the time he has remained incarcerated in Federal prison since he was granted but refused release on parole, such relief is not available because he is not currently serving his Massachusetts sentences; the [Massachusetts Parole] [B]oard is authorized to make parole decisions affecting only 'prisoners

4

in state and county correctional institutions.'" *Id*. at 1020 (quoting Mass. Gen. Laws ch. 127, § 128).

Currently, Murray is an inmate at a federal penitentiary in Colorado, serving the sentence resulting from his District of Columbia convictions.  (Resp't Mem. at 1).  As noted, upon his release from federal custody, he is subject to a detainer stemming from his 1982 Massachusetts convictions.  (*Id*.).

On October 21, 2019, Murray filed the present petition *pro se*.  (Pet. at 8).  He contends that the detainer should be set aside and that he should be released because he has been constructively serving his Massachusetts sentences since becoming eligible for parole in 2003.  (*Id*. at 5).

## II.    Analysis

Because petitioner is proceeding *pro se*, his pleadings must be construed more leniently than those drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, a petitioner's *pro se* status does not excuse him from complying with procedural and substantive requirements of the law.  *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

A federal court may not entertain a "second or successive" habeas petition under § 2254 unless it meets the strict requirements of 28 U.S.C. § 2244(b).  If a petitioner "presented" his claim in a prior petition for a writ of habeas corpus, it must be dismissed pursuant to § 2244(b)(1).  If the claim was not presented in a prior application, it must satisfy the substantive requirements set forth in § 2244(b)(2),[2] and the petitioner must also meet the procedural

---

[2] A petitioner must show either (1) that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) that "the factual predicate for his claim could not have been discovered through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by

requirements set forth in § 2244(b)(3).[3]  Those requirements apply to any successive petition challenging state custody, "no matter what statutory label a prisoner uses," and if either requirement is missing the claim "shall be dismissed" under § 2244(b)(2).  *See Gonzalez–Fuentes v. Molina*, 607 F.3d 864, 875 n.9 (1st Cir. 2010) (citing *Brennan v. Wall*, 100 F. App'x 4, 4 (1st Cir. 2004) (*per curiam*)).

The petition at issue here is neither the first challenge to his Massachusetts sentences filed by Murray, nor the first such challenge that has been examined by this court.  Again, he unsuccessfully challenged his Massachusetts convictions by habeas petition in this court in 1989.  *See Hines v. Shannon*, No. 89-CV-740-MA.  In 2012, this court also denied two additional habeas petitions challenging those same convictions, adjudging them "second or successive" and dismissing them for failure to comply with the procedural requirements of 28 U.S.C. § 2244(b)(3).  *Murray v. Bledsoe*, 2012 WL 3987353 (D. Mass. Sept. 11, 2012).  Accordingly, this petition is a "second or successive" petition and must comply with both the substantive and procedural requirements in §§ 2244(b)(2) and 2244(b)(3) to be considered by this court.

However, there is no evidence that the claims here comply with such requirements.  Murray's claims were not presented in his previous petition in 1989, and do not appear to arise out of new circumstances that might qualify under the exception in 28 U.S.C. § 2244(b)(2).  *See Hines v. Shannon*, No. 89-CV-740-MA.  His petition neither relies on a new, retroactively applicable rule of constitutional law, nor introduces new facts that establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the offenses of armed robbery and escape.  *See* 28 U.S.C. § 2244(b)(2).

---

clear and convincing evidence that, but for constitutional error, no reasonable factfinder could have found the applicant guilty."  28 U.S.C. § 2244(b)(2).

[3] "Before a second or successive application" is permitted, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3).

Furthermore, and more importantly, Murray has not obtained an order from the First Circuit allowing a successive petition, without which this court lacks subject-matter jurisdiction to hear petitioner's claim. *See* 28 U.S.C. § 2244(b)(3). Therefore, the claim must be dismissed, and neither the additional requirements of habeas petitions generally nor the merits of the claim need be considered here. *See* 28 U.S.C. § 2244(b)(3).

Murray argues that his habeas petition is not "second or successive" because his 2010 and 2011 petitions were originally filed in the United States District Court for the Middle District of Pennsylvania, and thus were not successive. (Pet. Reply at 2-3). But even if those petitions had never been filed, this petition would still be a "second or successive" petition for the purposes of 28 U.S.C. § 2244(b), because he previously filed a petition with this court in 1989 to challenge his Massachusetts convictions. *See Hines v. Shannon*, No. 89-CV-740-MA. Furthermore, Murray's 1993 petition in the District Court for the District of Columbia also challenged his Massachusetts convictions. *See Murray v. District of Columbia*, 826 F. Supp. at 6-7. Thus, the requirements in 28 U.S.C. § 2244(b) apply to the petitioner's claim here as "second or successive," and the failure to comply with these requirements necessitates that the claim be dismissed.

It perhaps bears noting that petitioner's refusal to be considered for parole at any time in the last 17 years appears to be entirely self-defeating. In all likelihood, if he had been paroled, he would have completed his sentences long ago. Nonetheless, this Court is without the power to force him to be considered for parole, and indeed is without subject-matter jurisdiction over this matter. The Court therefore has no option but to dismiss the petition.

## III.   Conclusion

For the foregoing reasons, respondents' motion to dismiss the petition for a writ of

habeas corpus for lack of subject-matter jurisdiction is GRANTED.

**So Ordered.**


/s/ F. Dennis Saylor, IV
F. Dennis Saylor, IV
Dated: July 22, 2020                         Chief Judge, United States District Court